UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

DEAN PETROWSKY,

    Plaintiff,

        v.                         Case No. 15-C-0119

GREAT LAKES MEDIA TECHNOLOGY INC.,

    Defendant.

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS (DOC. 20), DENYING AS MOOT PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT (DOC. 20) AND INSTRUCTING THE CLERK OF COURT TO DOCKET THE AMENDED COMPLAINT, DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS (DOC. 9), DENYING AS MOOT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. 11), DENYING AS MOOT PLAINTIFF'S MOTION TO STAY DEFENDANT'S SUMMARY JUDGMENT MOTION (DOC. 21), AND CONVERTING THE FEBRUARY 9, 2016, HEARING DATE TO A TELEPHONIC STATUS CONFERENCE

      Dean Petrowsky filed his complaint alleging harassment based on "sex, color, and race" along with retaliation. According to the complaint, Petrowsky, who was "one of two or three Caucasians employed in the [defendant's] warehouse," did not conform "with sex stereotypes about how men are expected to present themselves in physical appearance, actions, and behavior." Allegedly after Petrowsky informed management that he intended to file an EEOC complaint, Great Lakes Media Technology Inc. ("Great Lakes") terminated his employment.

      The case is before the court on the following motions: (1) defendant's motion to dismiss; (2) defendant's motion for summary judgment; (3) plaintiff's motion to strike defendant's motion to dismiss and file an amended complaint; and (4) plaintiff's motion to

stay defendant's motion for summary judgment.

The procedural posture of this case is relevant to the disposition of the pending motions. On April 3, 2015, Great Lakes filed an answer and – minutes later – filed a Rule 12(b)(6) motion to dismiss on the grounds that plaintiff had failed to state a claim upon which relief can be granted and that certain of the claims are barred because they occurred prior to the applicable 300-day period. Additionally, Great Lakes moved for summary judgment motion on the ground that the undisputed facts show that plaintiff was terminated from employment because of "antagonistic conduct towards co-workers and his chronic absenteeism" and that the termination was a "fait accompli before he ever filed an EEOC charge."

Three weeks after Great Lakes filed its motions, Petrowsky moved to strike the motion to dismiss, amend the complaint, and stay the summary judgment motion. While Petrowsky contends that Great Lakes cannot proceed on a Rule 12(b)(6) motion because its answer was filed first, the motion to dismiss was filed nine minutes after the answer on the electronic docket. Moreover, the court may treat a Rule 12(b)(6) motion filed after an answer as if it were a Rule 12(c) motion on the pleadings. *Republic Steel Corp. v. Pennsylvania Eng'g Corp.*, 785 F.2d 174, 182 (7th Cir.1986). Rule 12(c) allows a court to dismiss a claim on the pleadings using the same standard as Rule 12(b)(6). *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir.1989); *see also* Fed. R. Civ. P. 12(h)(2). Hence, there is no basis to grant Petrowsky's motion to strike the motion to dismiss.

That said, Petrowsky also seeks leave to file an amended complaint. A party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b). Fed. R. Civ. P. 15(a). After

the opportunity to amend the pleadings as a matter of course has passed, a party may amend a complaint only with consent of the opposing party or leave of the court. Fed. R. Civ. P. 15(a). Moreover, the court should freely grant leave to amend the pleadings. *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962). Grounds to deny leave to amend a complaint include "undue delay, bad faith, dilatory motive, prejudice, or futility." *Guise v. BWM Mortg.*, LLC, 377 F.3d 795 (7th Cir. 2004) (citing *Ind. Funeral Directors Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003)).

Great Lakes docketed its answer on April 3, 2015, and Petrowsky sought leave to file an amended complaint on April 24, 2015. Consequently, Petrowsky may amend his pleading once as a matter of course as his request was made within the 21 day window provided by Rule 15(a). Further, the court notes that Petrowsky seeks leave to amend prior to a scheduling conference and prior to conducting any discovery. Even if Petrowsky were required to seek leave to amend, there would be no basis to deny the requested amendment at this early stage of litigation. An amended complaint will supersede all previous complaints and will control from that point forward. *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir.1999). As such, the first amended complaint ordinarily moots a motion to dismiss. *Hypergraphics Press, Inc. v. Cengage Learning, Inc.,* 2009 WL 972823, *1 n. 2 (N.D. Ill. Apr. 8, 2009). Defendant's motion for summary judgment becomes moot as well.

The hearing scheduled for February 9, 2016, will be converted to a telephonic status conference. Therefore, the parties shall be prepared to discuss the amended complaint, as well as Petrowsky's desire to depose Shannon Smith (the Human Resources manager), Jim Monday (plaintiff's direct supervisor), Theresa Scholler (defendant's CFO), Scott Bell (defendant's Vice President), Brian Axtman (defendant's CEO), and Jorge Mendoza and

Gina Robinson (co-workers who allegedly harassed plaintiff).

Now, therefore,

IT IS ORDERED that plaintiff's motion to strike is denied.

IT IS FURTHER ORDERED that plaintiff's motion to file an amended complaint is denied as moot inasmuch as plaintiff may amend once as a matter of course within 21 days after service of the responsive pleading or answer. The Clerk of Courts shall docket the proposed amended complaint attached to the motion at docket no. 20.

IT IS FURTHER ORDERED that defendant's motion to dismiss is denied as moot.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is denied as moot.

IT IS FURTHER ORDERED that plaintiff's motion to stay defendant's motion for summary judgment is denied as moot.

IT IS FURTHER ORDERED that the February 9, 2016, hearing date is converted to a telephonic status conference. The court will initiate the call.

Dated at Milwaukee, Wisconsin, this 1st day of February, 2016.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. Clevert, Jr.
U.S. District Judge